IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION


JAMES MCINGVALE,                    §
                                    §
            Plaintiff,              §
                                    §     CIVIL ACTION NO. G-07-0228
v.                                  §     (Consolidated with H-07-2176)
                                    §
AGM, LLC,                           §
                                    §
            Defendant.              §


<u>MEMORANDUM OPINION AND ORDER</u>


     Pending before the court are Plaintiff's Emergency Motion to
Extend Preliminary Injunction (Docket Entry No. 31) and defendant
AGM, LLC's motion for summary judgment (Docket Entry No. 7).  For
the reasons stated below, plaintiff's motion will be denied and
defendant's motion will be granted.


                    I.  <u>Background</u>

     On or about July 19, 2006, Lancelot Investors Fund, L.P.
entered into a Loan and Security Agreement (the "Loan Agreement")
with TSM Holdings, Ltd., Ranger Credit Company, LLC, Ranger Credit
Partners II, Ltd., and Design Extended Service, Ltd.[1] (the
"borrowers").  Defendant AGM, LLC serves as the administrative
agent for Lancelot Investors Fund, L.P. for this loan.  The Loan
Agreement was guaranteed by George McIngvale, Jr. and Deborah

----

[1]Unless otherwise noted, the facts recited are taken from
Plaintiff's Response to Defendant AGM, LLC's Motion to Dismiss
Under Fed. R. Civ. P. 12(b)(6) and Memorandum of Law in Support,
Docket Entry No. 25 and the attached exhibits.

McIngvale (the "guarantors").  The Loan Agreement contains a choice of law provision, which states that Illinois law will govern the loan documents.[2]  Plaintiff, James McIngvale, is the brother of George McIngvale.  In connection with the Loan Agreement, plaintiff agreed to provide a $4,000,000 irrevocable letter of credit as additional collateral to secure the loan for his brother's companies.  Consequently, Woodforest National Bank issued a letter of credit for $4,000,000, naming defendant as the beneficiary.  The letter of credit states that the bank will honor drafts submitted by the beneficiary under the following terms and conditions:

> 1.   Presentation of Sight Draft referencing this Letter of Credit.
>
> 2.   A statement from a purported official of AGM, LLC stating that "AGM, LLC hereby certifies that a Default (as defined in the loan agreement) has occurred . . . and is continuing and AGM, LLC has exhausted, in its reasonable discretion, all reason-able recovery efforts against [the borrowers], the collateral securing the obligations under [the Loan Agreement] and all guarantors guaranteeing the obligations under [the Loan Agreement]. . . .
>
> This credit is subject to the "Uniform Customs and Practices for Documentary Credits" (UCP), International Chamber of Commerce Publication No. 500 (1993 Revision), except that as to matters not governed by the UCP the laws of the State of Texas shall apply.[3]

---

[2]Defendant AGM, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), Docket Entry No. 7, Loan and Security Agreement, Exhibit A, pp. 52-53, §§ 9.11-9.12.

[3]Plaintiff's Response to Defendant AGM, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Memorandum of Law in Support, Docket Entry No. 25, Irrevocable Letter of Credit, Exhibit A.

In March of 2007 plaintiff was notified that the borrowers were in default under the terms of the Loan Agreement and that defendant intended to exercise its rights to foreclose on the loan collateral.  Defendant also informed plaintiff of its intention to sell all of the collateral pledged by the borrowers at an auction in Chicago on April 4, 2007.[4]  Defendant purchased all of the collateral at the auction.

On April 25, 2007, plaintiff filed this action in the Galveston Division seeking a declaratory judgment that defendant is not entitled to draw on the letter of credit and that the letter of credit be cancelled because defendant did not dispose of the collateral in a commercially reasonable manner or exhaust its recovery efforts as required by the letter of credit.[5]  Plaintiff also sought to enjoin defendant from drawing on the letter of credit.[6]  Defendant filed a motion to dismiss on May 5, 2007, which the court later converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(c) (Docket Entry No. 7).  After a May 18, 2007, evidentiary hearing the court granted plaintiff an injunction for a period of 45 days to allow the parties "to attempt amicable resolution" of the case (Docket Entry No. 24).  On June 7, 2007, the case was reassigned to the Houston Division pursuant to General

---

[4]Id., Notice of Disposition of Collateral, Exhibit C.

[5]Plaintiff's Original Complaint, Docket Entry No. 1, p. 4.

[6]Id.

-3-

Order No. 2007-5 and plaintiff filed the pending motion to extend his preliminary injunction.

## II.  **Preliminary Injunction Motion**

### A.  **Standard of Review**

To obtain a preliminary injunction, plaintiff must prove four elements:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury if the injunction does not issue;
>
> (3) that the threatened injury to the movant outweighs any damage the injunction might cause to the opponent; and
>
> (4) that the injunction will not disserve the public interest.

Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A., 875 F.2d 1174, 1178 (5th Cir. 1989).  "A preliminary injunction is an 'extraordinary remedy' and should only be granted if the [plaintiff has] clearly carried the burden of persuasion on all four requirements."  Planned Parenthood v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005) (internal quotations omitted).

### B.  **Analysis**

In Texas "[p]ayment of a letter of credit may not be enjoined, or similar relief granted, unless there is evidence of a material fraud by the beneficiary or the applicant or the issuer."[7]  Sava

---

[7]Payment of a letter of credit may also be interfered with (continued...)

Gumarska in Kemijska Industria D.D. v. Advanced Polymer Sciences, Inc., 128 S.W.3d 304, 319 (Tex. App. – Dallas 2004, no pet.) (citing Tex. Bus. & Com. Code Ann. § 5.109(b) and Phillip Bros., Inc. v. Oil Country Specialists, Ltd., 787 S.W.2d 38, 40–41 (Tex. 1990)).  The beneficiary's wrongdoing must have "so vitiated the entire transaction that the legitimate purposes of the independence of the issuer's obligation would no longer be served."  Sava, 128 S.W.3d at 319 (internal quotations omitted).[8]

The obligation created by a letter of credit is "independent of the 'existence, performance, or nonperformance of a contract or arrangement out of which the letter of credit arises or which underlies it, including contracts . . . between the applicant and beneficiary.'  The purpose of a letter of credit is to assure payment when its own conditions have been met irrespective of disputes that may arise between the parties concerning performance or other agreements which comprise the underlying transaction."  Sava, 128 S.W.3d at 321 (quoting Tex. Bus. & Com. Code § 5.103(d)).  Therefore, to prevail in this action plaintiff must show that

---

[7](...continued)
if there is evidence of forgery.  Tex. Bus. & Com. Code Ann. § 5.109(b).  Plaintiff does not allege that any of the agreements were forged.

[8]Although defendant argues that Illinois law applies to the letter of credit through the choice of law provision in the Loan Agreement, defendant acknowledges that Texas and Illinois law are the same with regard to enjoining or voiding a letter of credit. Defendant AGM, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), Docket Entry No. 7, p. 4 n.4.

defendant's conduct constituted a "material fraud" that warrants cancelling the letter of credit.

Plaintiff has not alleged that defendant has committed a material fraud.   Plaintiff instead argues that any documents presented to Woodforest Bank by defendant stating that it has met the necessary conditions contained in paragraph two of the letter of credit would necessarily be false because defendant has not reasonably exhausted all of its remedies or conducted a commercially reasonable sale of the collateral.[9]   However, even assuming _arquendo_ that defendant may in the future present such statements in the presentation document to the issuer, such conduct would not be sufficient to warrant enjoining or voiding payment of the letter of credit.   _Sava_, 128 S.W.3d at 322 ("Establishing material fraud or fraud in the transaction requires more than a showing of untruthful statements in the presentment documents."). Because plaintiff has neither alleged nor shown that defendant engaged in fraudulent misrepresentations, he has failed to meet his burden in demonstrating a substantial likelihood of success on the merits.

Plaintiff argues that he does not need to show fraud to be entitled to a preliminary injunction because defendant did not satisfy the terms of the letter of credit by disposing of the

---

[9]Plaintiff's Response to Defendant AGM, LLC's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Memorandum of Law in Support, Docket Entry No. 25, p. 19.

collateral in a commercially reasonable manner.[10]  Defendant argues
that such a showing is not necessary and that plaintiff must allege
material fraud for the court to interfere with the letter of
credit.[11]  However, even if the court accepts plaintiff's view of
the law, plaintiff has not shown that defendant failed to conduct
a commercially reasonable sale and, therefore, plaintiff has not
established a substantial likelihood of success on the merits.

Plaintiff complains that defendant's sale was unreasonable
because it sold the assets in bulk, because the sale was conducted
in Chicago rather than Houston, because it required potential
purchasers to make a deposit of 25% of its initial bid, because the
price paid by defendants was less than the value of the collateral
at the time of the loan, because the sale took only four minutes to
complete, because potential buyers did not have time to properly
review the loan portfolio prior to the sale, and because defendant
was the only bidder present at the auction.[12]  At the May 18, 2007,

---

[10]Id. p. 18; Plaintiff's Original Complaint, Docket Entry
No. 1, p. 5.  Plaintiff also argues that he is entitled to a
preliminary injunction because defendant has not exhausted its
remedies against the borrowers and guarantors.  Id.  However,
plaintiff has presented no evidence that would support an
injunction on this basis, and both parties concede that defendant
has not yet purported to have exhausted its remedies.

[11]Defendant AGM, LLC's Motion to Dismiss, Docket Entry No.
7, p. 4.

[12]Plaintiff's Response to Defendant AGM, LLC's Motion to
Dismiss Under Fed. R. Civ. P. 12(b)(6) and Memorandum of Law in
Support, Docket Entry No. 25, pp. 4-5, Affidavit of David Brown,
(continued...)

evidentiary hearing the parties had an opportunity to present evidence on this issue. Defendant presented evidence that potential buyers of the collateral had access to information that enabled them to value the loan portfolios prior to the sale.[13] Defendant also presented evidence that the guarantors had attempted to sell the portfolio collateral before defendant posted it for foreclosure but did not receive any bids above the $12,000,000 paid by defendant.[14] Defendant also presented evidence that the value of the portfolio at the time of sale was less than the amount of the loan.[15]

An employee of the guarantors testified that, in his opinion, defendant could have "dressed [the sale] up a little better" and sold it in pieces rather than in bulk to get a better price.[16] However, a witness for the defendant opined that selling the collateral in one sale helped secure a better price, in total, because the value of the better assets offset the value of the poorer assets.[17] The defendant also presented evidence that it

---

[12](...continued)
Exhibit F. Transcript of Rule 65 Injunctive Proceeding Before the Honorable Samuel B. Kent, Docket Entry No. 28, pp. 19, 25.

[13]Transcript of Rule 65 Injunctive Proceeding Before the Honorable Samuel B. Kent, Docket Entry No. 28, p. 71.

[14]Id. at 34.

[15]Id. at 63, 68, 70, 72.

[16]Id. at 56, 58.

[17]Id. at 111. Defendant pointed out that plaintiff's valuation of the portfolio dealt only with its best assets. Id. (continued...)

placed ads in Houston and Chicago newspapers, that it ensured that several potential buyers received notice of the sale, and that early bids did not come close to defendant's bid.[18]  Plaintiff's conclusory opinions regarding the manner of sale do not defeat defendant's evidence that its sale was commercially reasonable.  At best, plaintiff may have stated a claim for a breach of the underlying Loan Agreement.  However, such a breach is not a basis for enjoining or voiding the letter of credit.  <u>Sava</u>, 128 S.W.3d 304.  The court concludes that plaintiff has therefore not carried his burden in establishing a substantial likelihood of success on the merits of any of his claims.

### III.   <u>Summary Judgment Motion</u>

**A.   Standard of Review**

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2510 (1986).  To be genuine the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  <u>Id.</u> at 2511.  The movant must inform the

---

[17](...continued)
at 69.

[18]<u>Id.</u> at 109.

court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 106 S. Ct. at 2553. In response to such a showing, the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating the existence of genuine issues of material fact that must be resolved at trial. Id.

**B.   Analysis**

Defendant argues that summary judgment is appropriate because plaintiff has not alleged forgery or material fraud that would justify enjoining or voiding the letter of credit.[19]   For the reasons stated above, the court concludes that plaintiff has not met his summary judgment burden on this element.  Plaintiff argues that summary judgment is nevertheless inappropriate because defendant has not met the terms of the letter of credit by exhausting its recovery efforts against the borrowers and guarantors and by conducting a commercially reasonable sale of the collateral.[20]   Even assuming that plaintiff's view of the law is

---

[19]Defendant AGM, LLC's Motion to Dismiss, Docket Entry No. 7, p. 5; Defendant AGM, LLC's Supplemental Reply -- Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (converted to Motion for Summary Judgment), Docket Entry No. 38), p. 2.

[20]Plaintiff's Supplemental Response to Defendant's Converted Motion to Dismiss into a Motion for Summary Judgment, Docket Entry No. 37, p. 1.

correct, for the reasons discussed above, plaintiff has not met its summary judgment burden by showing that a genuine issue of material fact exists with regard to the reasonableness of the April 4 sale of collateral.   Since defendants have shown that the sale was reasonable, and plaintiff has failed to present facts sufficient to support his claim to the contrary, summary judgment that the sale was commercially reasonable is appropriate.[21]

Alternatively, plaintiff argues that a ruling on the summary judgment motion should be delayed until additional discovery can be conducted regarding the reasonableness of the April 4 sale of the collateral.[22]   The court is not persuaded by plaintiff's argument that he needs discovery to respond to defendant's motion. Plaintiff states that he needs time to "adequately determine whether or not Defendant AGM conducted a commercially reasonable sale" by "exchang[ing] documents and information under Rule 26" and deposing the owner and president of AGM.[23]  "To obtain a Rule 56(f)

---

[21]Cf. Tex. Bus. & Com. Code § 9.627(a) ("The fact that a greater amount could have been obtained by a . . . disposition . . . at a different time, or in a different method from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing that the . . . disposition . . . was made in a commercially reasonable manner.").  See also Financial Federal Credit, Inc. v. Dinardo, 2006 WL 734391 at *6-7 (S.D. Tex. Mar. 22, 2006) (same).

[22]Plaintiff's Supplemental Response to Defendant's Converted Motion to Dismiss into a Motion for Summary Judgment, Docket Entry No. 37, p. 3.

[23]Id.

-11-

continuance, the nonmovant must present specific facts explaining his inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.    The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990) (internal quotations omitted).    The court concludes that plaintiff's discovery request is not specific enough and is not likely to produce facts needed by plaintiff to withstand a motion for summary judgment to justify delaying ruling on the motion.[24] Cf. Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 535 (5th Cir. 1999) (holding that a district court did not abuse its discretion in denying a Rule 56(f) motion where the plaintiff argued that it expected defense witnesses' depositions to provide evidence relevant to the case).

    To the extent that plaintiff argues that summary judgment is improper because defendant has not exhausted its remedies in satisfaction of the terms of the letter of credit, the court

---

[24]Plaintiff also argued in a July 25, 2007, hearing that he should be entitled to conduct discovery with regard to defendant's recent sale of the collateral to a third-party buyer. However, the court concludes that this sale is too tangential to the April 4 sale to be "likely to produce the facts needed by plaintiff to withstand a motion for summary judgment." Washington, 901 F.2d at 1285.

concludes that this is not a justiciable issue.  Defendant does not contend that it has exhausted its remedies in satisfaction of the terms of the letter of credit and has not yet attempted to draw on the letter of credit.  The court therefore concludes that this claim does not present a ripe controversy and that this claim should be dismissed without prejudice.

## IV.  <u>Conclusion</u>

For the reasons stated above, the court concludes that a preliminary injunction is not warranted in this case and summary judgment is appropriate.  Plaintiff's Emergency Motion to Extend Preliminary Injunction (Docket Entry No. 31) is therefore **DENIED** and defendant's motion for summary judgment (Docket Entry No. 7) is **GRANTED**, except as to plaintiff's claim that defendant has failed to exhaust reasonable recovery efforts.  That claim is **DISMISSED without prejudice.**

**SIGNED** at Houston, Texas, on this the 27th day of July, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-13-